```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
                03-CR-266(1)(JMR/JSM)
                   05-CV-547(JMR)
```

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Andres Duarte-Acosta | ) | |

This matter is before the Court on Mr. Duarte-Acosta's petition for relief under 28 U.S.C. § 2255. The petition is denied.

I. <u>Background</u>

On January 27, 2004, petitioner pleaded guilty to conspiracy to distribute marijuana. In the plea agreement, petitioner admitted to conspiring to distribute over 400 kilograms of marijuana. Petitioner signed the plea agreement and initialed each page.

The United States Probation Office prepared a Pre-Sentence Investigation Report ("PSI"). The agreed upon drug quantity created a base offense level of 28. U.S.S.G. § 2D1.1(c)(6). Under the PSI, the offense level was reduced three levels for acceptance of responsibility under U.S.S.G. § 3E1.1, and increased two levels for possession of a firearm under U.S.S.G. § 2D1.1(b)(1). Given an offense level of 27, and a Criminal History Category of I, petitioner's Guidelines sentencing range was calculated at 70 to 87 months. Since he admitted in the plea agreement to possessing more than 400 kilograms of marijuana, he also faced a mandatory-minimum

sentence of 60 months.  21 U.S.C. § 841(b)(1)(B).

Petitioner objected to the firearm enhancement, and the Court held two evidentiary hearings on the matter.  The Court found that possession of the firearm had been proven by a preponderance of the evidence, but not beyond a reasonable doubt.  This disqualified petitioner for relief under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, but led the Court to sentence defendant as though the firearm enhancement under U.S.S.G. § 2D1.1(b)(1) did not apply. Following the now-vacated -- but prescient -- holding of United States v. Mooney, the Court departed below the advisory guideline range and sentenced petitioner to the statutory minimum of 60 months.  2004 WL 1636960 (8th Cir. 2004).  Petitioner did not appeal, and his sentence became final in August, 2004.

Petitioner now brings this motion under 28 U.S.C. § 2255, claiming his sentence violated the Fifth and Sixth Amendments.  His claim fails.

II.  Discussion

Petitioner's claims arise under United States v. Booker, 125 S. Ct. 738 (2005) and Blakely v. Washington, 524 U.S. 296 (2004). That line of precedent extends the basic holding of Apprendi v. New Jersey to the Sentencing Guidelines, requiring that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the

2

defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756. Booker rescued the Guidelines, however, by declaring them to be advisory. Id. at 757.

As a preliminary matter, the Court notes that the Eighth Circuit Court of Appeals has held that Booker does not apply retroactively. Never Misses a Shot v. United States, __ F.3d __, 2005 WL 1569403 (8th Cir. 2005). Petitioner's sentence is therefore ineligible for collateral review under Booker, because it became final before Booker was decided. Id. To be thorough, however, the Court will address the merits of petitioner's claims.

A. Substantive Fifth and Sixth Amendment Claims

In his plea agreement -- to which he unequivocally assented -- petitioner stipulated a drug quantity of over 400 kilograms. This was the only fact used to determine the applicable mandatory minimum of 60 months. Since the Court sentenced petitioner to the statutory minimum established by the facts he admitted, any purported error in applying mandatory Guidelines is irrelevant. Further, the Court followed Mooney and treated the Sentencing Guidelines as advisory when sentencing Petitioner. The Eighth Circuit has held that a district court does not commit a Booker error if it treats the Guidelines as advisory. United States v. Pirani, 406 F.3d 543, 551 (8th Cir. 2005).

The Court now briefly addresses petitioner's specific claims:

1. <u>Failure to Grant Safety Valve Relief</u>

Petitioner claims he should have been granted "safety valve" relief under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2.  This would have entitled him to a two-level downward adjustment and empowered the Court to sentence him below the statutory minimum.  The Eighth Circuit has held that the burden of proof falls on the defendant to show that all five criteria for a "safety valve" reduction have been satisfied.  <u>United States v. Carrillo</u>, 380 F.3d 411, 415 (8th Cir. 2004).

The Court found that the government had established by a preponderance of the evidence that petitioner possessed a firearm in connection with the offense.  This finding disqualified petitioner for consideration under the "safety valve" provisions and denied the Court any authority to sentence below the 60 month statutory minimum.  This finding did not have the effect of raising petitioner's maximum sentence.  Therefore, <u>Booker</u> does not require the finding be made by a jury.  125 S. Ct. at 756.

2. <u>Application of Firearm Enhancement</u>

Petitioner did not admit to possession of a firearm in connection with the conspiracy offense, and therefore, claims the firearm enhancement was improperly applied in calculating his offense level of 27. But even if the two-level firearm enhancement had not been applied, petitioner's sentence would still fall within

4

the resulting Guidelines range. Petitioner's base offense level is 28. U.S.S.G. § 2D1.1(c)(6). With a three-point reduction for responsibility under U.S.S.G. § 3E1.1, petitioner's offense level would be 25. An offense level of 25, with Criminal History I, creates a sentencing range of 57-71 months under the Guidelines. Petitioner's 60 month sentence falls within this range. Thus, the judicial finding that petitioner possessed a firearm did not affect his sentence. Indeed, the Court explicitly sentenced him as though the firearm enhancement did not apply.

       3.   <u>Failure to Adjust for Minor Role</u>

Petitioner's final claim is that the Court's failure to grant a downward adjustment for minor role under U.S.S.G. § 3B1.2 violated his Sixth Amendment rights. The Court adopted the PSI's finding -- to which petitioner did not object -- that he was an average participant in the conspiracy offense. (Amend. PSI at ¶ 29.) This finding served only to deny petitioner a downward adjustment of his minimum sentence; it did not have the effect of raising petitioner's maximum sentence. Therefore, <u>Booker</u> does not require the finding be made by a jury, and there is no Sixth Amendment violation. 125 S. Ct. at 756.

III. <u>Certificate of Appealability</u>

The Court has also considered whether it is appropriate to issue a Certificate of Appealability ("COA"). <u>See</u> <u>Tiedeman v. Benson</u>, 122 F.3d 518 (8th Cir. 1997). The Court concludes that no

issue raised is "debatable among reasonable jurists." <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997).  Petitioner has therefore not made the "substantial showing of the denial of a constitutional right" necessary for issuance of a COA.  28 U.S.C. § 2253(c)(2).

IV. <u>Conclusion</u>

Accordingly, based on the files, records, and proceedings herein, IT IS ORDERED that:

1.  Petitioner's motion for relief pursuant to § 2255 [Docket No. 42] is denied.

2.  A Certificate of Appealability will not be issued in this matter.

Date:  July 28th, 2005

<u>s/James M. Rosenbaum</u>
JAMES M. ROSENBAUM
United States Chief District Judge

6